| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202<br>Telephone: (720) 865-8301 | DATE FILED: March 16, 2021 3:32 PM<br>FILING ID: 2C1E539BCC044<br>CASE NUMBER: 2021CV30892 |
| **Plaintiff:** LAUREN TINKER, individually and on behalf of all others similarly situated,<br><br>v.<br><br>**Defendant:** STANDARD INSURANCE COMPANY | ▲ COURT USE ONLY ▲<br><br>_____<br><br>Case Number:<br><br>Division: |
| *Attorneys for Plaintiff:*<br>Bradley A. Levin, Reg. No. 13095<br>Jeremy A. Sitcoff, Reg. No. 29393<br>Susan S. Minamizono, Reg. No. 48984<br>LEVIN SITCOFF PC<br>1512 Larimer Street, Suite 650<br>Denver, CO 80202<br>Phone: (303) 575-9390<br>Fax: (303) 575-9385<br>bal@levinsitcoff.com<br>jas@levinsitcoff.com<br>ssm@levinsitcoff.com | |
| **CLASS ACTION COMPLAINT AND JURY DEMAND** | |

Plaintiff, Lauren Tinker ("Plaintiff" or "Ms. Tinker"), individually and on behalf of all other similarly situated persons, by and through her counsel, LEVIN SITCOFF PC, for her Class Action Complaint against Defendant, Standard Insurance Company ("Defendant" or "Standard"), states and alleges as follows:

## NATURE OF ACTION

1. This action arises from Standard's systematic scheme wherein the insurer has accepted premiums from Colorado state and local government employees and their dependents for additional or supplemental term life insurance—sometimes for periods of many years—without any records reflecting approval for the additional or supplemental term life insurance coverage.

Ex B-2

Standard would deny payment of additional life insurance benefits to designated beneficiaries upon the insured person's death based on the purported failure to submit "Evidence of Insurability" for coverage above the "Guaranteed Issue Amount" indicated in the group life insurance policies, or the purported failure to obtain Standard's approval of "Evidence of Insurability."

2. Standard previously engaged in a similar practice in New Mexico. Following the commencement of a class action, Standard entered into a settlement under which, *inter alia*, it agreed to provide coverage to those individuals from whom it accepted premiums but, according to its records, were not approved for additional life insurance benefits. *Woods, et al. v. Standard Ins. Co., et al.*, Case No. 12-CV-01327-KBM-KRS (D.N.M. Sept. 15, 2017).

3. Despite its knowledge of the wrongfulness of its conduct, Standard has continued the same practice in Colorado, pocketing premiums from governmental employees and/or their dependents without any records reflecting that they had been approved for additional or supplemental term life insurance coverage and denying payment of additional or supplemental term life insurance benefits after an insured person's death.

4. All persons providing insurance services to the public in Colorado must "be at all times actuated by good faith in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe, and practice the principles of law and equity in all matters pertaining to such business." C.R.S. § 10-1-101.

5. Insurance carriers operating in Colorado fail to meet their duty of good faith if they engage in unreasonable conduct with knowledge that their conduct is unreasonable or with reckless disregard as to the unreasonableness of their conduct. C.R.S. § 10-3-1113.

6. Accordingly, Ms. Tinker brings this action on her own behalf and on behalf of a putative class of similarly situated individuals, seeking legal and equitable relief under Colorado law.

## PARTIES, JURISDICTION, AND VENUE

7. Ms. Tinker is and was, during all relevant times, a resident of the State of Colorado.

8. Upon information and belief, Standard is incorporated under the laws of Oregon, with its principal office listed in Portland, Oregon, and is licensed and authorized to do business and is doing business in the State of Colorado.

9. This Court has jurisdiction over the subject matter of this action and the parties hereto.

10. Pursuant to C.R.C.P 98(c), venue is proper in this county, which Plaintiff designates as the place of trial of this action.

2

## FACTUAL BACKGROUND

11.     Ms. Tinker is a school teacher employed by Douglas County School District.

12.     Ms. Tinker is an insured and the intended third-party beneficiary of life insurance benefits under a group policy issued by Standard to Douglas County School District, Policy No. 645797-A (the "Policy").

13.     Ms. Tinker and her late husband, Gabriel Tinker, had plans to start a family, and for that reason, they applied for additional term life insurance coverage above the "Guaranteed Issue Amount" of $50,000 under the Policy. They understood that in conjunction with the application for additional coverage, they would need to submit Evidence of Insurability and pay an additional premium amount.

14.     Following submission of their application, Standard began to take, and for nearly two years continued to take, premiums from the Tinkers for Mr. Tinker's Dependents Life Insurance Benefit under the Policy, specifically, for the "Guaranteed Issue Amount" of $50,000 and additional term life insurance benefits in the sum of $150,000.

15.     The Tinkers reasonably understood and reasonably expected that by Standard regularly taking a premium for the "Guaranteed Issue Amount" and additional life insurance coverage, Mr. Tinker had a total of $200,000 in term life insurance coverage under the Policy.

16.     At no time while it took the premiums did Standard inform the Tinkers that Evidence of Insurability had either not been submitted by Mr. Tinker or, if it was submitted, it had not been approved by Standard, and, in either event, that it had no record regarding the submission of Evidence of Insurability.

17.     After Mr. Tinker's passing in May 2020, Ms. Tinker, Mr. Tinker's beneficiary, filed a claim with Standard for Dependents Life Insurance Benefits in the sum of $200,000.

18.     On July 30, 2020, Standard sent a letter to Ms. Tinker indicating that the insurer was paying only the "Guaranteed Issue Amount" of $50,000 in Dependents Life Insurance benefits and denying payment of the additional $150,000 in benefits. Standard stated the following in support of its denial of the additional insurance benefits: "Because Evidence of Insurability was not provided by Gabriel Tinker and approved by The Standard, Mr. Tinker was not eligible for more than $50,000 of Dependents Life Insurance under this Group Policy, and we must limit this claim by the additional $150,000 originally claimed."

19.     Subsequently, Standard sent to Ms. Tinker a check for $252.00, which it represented to be a refund of premiums paid for the $150,000 additional insurance coverage from September 20, 2018 through May 3, 2020.

3

20. The refund check did not include any interest accrued while Standard collected premiums from the Tinkers for nearly two years.

21. Standard did not maintain accurate records regarding the submission of Evidence of Insurability and/or approval of additional or supplemental term life insurance coverage for its insureds.

22. Standard, through its unlawful and uniform business practice, has regularly and routinely collected premiums from similarly situated insureds without notifying them regarding the absence of Evidence of Insurability or the lack of approval by Standard of the submitted Evidence of Insurability.

23. As a result of Standard's conduct, Ms. Tinker has suffered injuries, damages, and losses in amounts to be determined at trial.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and a class of similarly situated persons pursuant to C.R.C.P. 23(a) and (b). The Class consists of the following:

> All employees of the State of Colorado, and of county and municipal governments, school districts, and other state and local governmental entities in Colorado, who paid premiums for additional or supplemental term life insurance coverage for themselves and/or their spouses under Standard's group life insurance policies, but for whom Standard has no record that Evidence of Insurability has been submitted and/or approved. The Class also includes beneficiaries who are designated to receive the additional or supplemental term life insurance benefits under Standard's group life insurance policies.

25. Plaintiff also seeks to represent a subclass of all Class Members who submitted claims to Standard under the group life insurance policies and were denied payment of additional or supplemental term life insurance benefits on the basis that Standard had no record that Evidence of Insurability on behalf of the deceased person had been submitted and/or approved (the "Subclass").

26. Excluded from the Class and Subclass are Standard and its officers, directors, employees, affiliates, parents, successors, assigns, and legal representatives; any entity in which Standard has a controlling interest and its officers, directors, employees, affiliates, parents, successors, assigns, and legal representatives; members of the judiciary and their staff to whom this action is assigned; and Plaintiff's counsel and staff.

27. The Class is so numerous that individual joinder of all of its members is impractical. While the exact number and identities of all Class Members are unknown to Plaintiff at this time

and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes thousands of members.

28. Plaintiff's claims are typical of the claims of the members of the Class and Subclass, and Plaintiff and members of the Class and Subclass sustained damages arising out of Standard's wrongful conduct as described herein.

29. Common questions of law and fact existing as to all members of the Class and Subclass predominate over any question solely affecting individual members of the Class and Subclass. The questions of law and fact common to the Class and Subclass include the following:

    a. Whether, by its taking and accepting premiums from the Class and Subclass Members for additional or supplemental term life insurance coverage, Standard is estopped from denying that the Class and Subclass Members are entitled to such coverage;

    b. Whether Standard breached its duty of good faith and fair dealing by collecting premiums from the Class and Subclass Members for additional or supplemental term life insurance coverage, yet failing to afford such coverage in return for premiums paid;

    c. Whether Standard breached its duty of good faith and fair dealing in failing to disclose to the Class and Subclass Members that while they paid premiums for additional or supplemental term life insurance coverage, Standard's records do not reflect that such coverage was purchased and/or approved;

    d. Whether Standard's acts and practices violated its duty to make a full disclosure of all material facts to the Class and Subclass Members;

    e. Whether Standard acted knowingly and/or recklessly with respect to the matters at issue; and

    f. The nature and extent of legal and equitable relief and other remedies to which the Class and Subclass Members are entitled as a consequence of Standard's conduct.

30. Class certification is warranted pursuant to C.R.C.P. 23(b)(3) because questions of law or fact common to the members of the Class and Subclass predominate over any questions affecting only individual members.

31. Plaintiff will fairly and adequately protect the interests of the Class and Subclass Members. Plaintiff's interests do not conflict with the interests of the Class and Subclass. Plaintiff

is represented by counsel who are competent and experienced in insurance litigation and complex civil litigation matters. Plaintiff and her counsel will prosecute this action vigorously.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since, among other things, joinder of all members of the class is impracticable. Furthermore, the amounts at stake for many Class and Subclass Members, while substantial, are not great enough to enable them to maintain separate suits against Standard. The expense and burden of individual litigation makes it impractical for all members of the Class and Subclass to individually seek to redress wrongs done to them.

33. Indeed, since the common harm involves technical issues of insurance law, many individual members of the Class and Subclass may be unaware of their rights, and are therefore unable to protect themselves. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

34. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class and Subclass are readily definable from Standard's records and will eliminate the possibility of repetitious litigation.

35. Prosecution of separate actions by the Class and Subclass Members would create the risk of inconsistent or varying adjudications with respect to individual Class and Subclass Members that would establish incompatible standards of conduct for Standard.

36. Class certification is further warranted because Standard has acted or refused to act on grounds generally applicable to the Class and Subclass. Moreover, without a class action, Standard will likely retain the benefits of its wrongdoing and will continue a course of action that has denied the named Plaintiff and all members of the Class and Subclass life insurance benefits they are owed pursuant to Colorado law.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract – Plaintiff and Subclass Members)

37. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

38. Plaintiff and Subclass Members applied for additional or supplemental term life insurance coverage above the "Guaranteed Issue Amount" under Standard's group insurance policies.

39. Following submission of their applications, Standard collected premiums from Plaintiff and Subclass Members for additional or supplemental term life insurance coverage under the group insurance policies.

6

40. By its acceptance of Plaintiff's and Subclass Members' premiums, Standard agreed to afford the additional or supplemental term life insurance coverage that they applied and paid for.

41. Standard breached its contracts with Plaintiff and Subclass Members by not affording the additional or supplemental term life insurance coverage to Plaintiff and Subclass Members.

42. Standard breached its contracts with Plaintiff and Subclass Members by not paying the additional or supplemental term life insurance benefits due to them.

43. All conditions precedent to coverage under Standard's group life insurance policies were waived or excused by Standard's conduct.

44. As a result of Standard's breaches of contract, Plaintiff and the Subclass Members have suffered injuries, damages, and losses in amounts to be proved at trial.

## SECOND CLAIM FOR RELIEF
**(Promissory Estoppel – Plaintiff and Class and Subclass Members)**

45. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

46. Plaintiff and the Class and Subclass Members paid premiums to Standard for additional or supplemental term life insurance coverage under the group life insurance policies, and by taking and accepting those premiums, Standard promised to afford such coverage and to pay additional or supplemental term life insurance benefits pursuant to the policies' terms.

47. Plaintiff and the Class and Subclass Members reasonably relied on Standard's promises of coverage and continued to pay Standard premiums to their detriment.

48. Injustice can only be avoided by enforcement of Standard's promises of additional or supplemental term life insurance coverage for Plaintiff, Class, and Subclass Members, including payment of additional or supplemental term life insurance benefits to Plaintiffs and Subclass Members pursuant to the group policies' terms.

49. As a direct and proximate result of Standard's failure to perform on its promises, Plaintiff and the Class and Subclass Members have suffered injuries, damages, and losses in amounts to be proved at trial.

7

### THIRD CLAIM FOR RELIEF
**(Bad Faith Breach of Insurance Contract – Plaintiff and Class and Subclass Members)**

50. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

51. Under the implied covenant of good faith and fair dealing arising from Standard's group life insurance policies, Standard covenanted that it would deal with Plaintiff and the Class and Subclass Members fairly and honestly, and do nothing to impair, hinder, or injure the rights of Plaintiff and the Class and Subclass Members to coverage and benefits under the group life insurance policies.

52. Standard breached its duty of good faith and fair dealing through the following unreasonable acts, which it committed knowingly and/or in reckless disregard of the unreasonableness of its conduct:

   a. Depriving Plaintiff and the Class and Subclass Members of benefits of the group life insurance policies;

   b. Collecting premiums from Plaintiff and the Class and Subclass Members without notifying them as to their eligibility for the additional or supplemental term life insurance benefits for which the premiums were being collected;

   c. Continuing its wrongful practice of taking premiums from Plaintiff and the Class and Subclass Members while not informing them as to their eligibility for additional or supplemental term life insurance benefits;

   d. Continuing its wrongful practice of taking premiums from Plaintiff and the Class and Subclass Members while not maintaining records related to their eligibility for the additional or supplemental term life insurance benefits for which the premiums were being collected;

   e. Placing its own interests above those of Plaintiff and the Class and Subclass Members;

   f. Failing to timely pay additional or supplemental term life insurance benefits to Plaintiff and the Subclass members;

   g. Misrepresenting facts concerning coverage provided by the group life insurance policies;

8

   h.  Failing to communicate and disclose material facts to Plaintiff and the Class and Subclass Members related to coverage under their group life insurance policies; and

   i.  Other conduct to be discovered in the course of these proceedings.

53. Standard's unreasonable conduct includes violations of subparts of C.R.S. § 10-3-1104(1)(h) and industry standards and laws governing the conduct of insurers in the State of Colorado.

54. As a direct and proximate result of Standard's bad faith breach of the group life insurance policies, Plaintiff and the Class and Subclass Members have suffered injuries, damages, and losses in amounts to be proved at trial.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Inducement – Plaintiff and Class and Subclass Members)

55. Plaintiff incorporate by reference each and every paragraph of her Complaint as if fully set forth herein.

56. By accepting premiums for additional or supplemental term life insurance coverage for Plaintiff and the Class and Subclass Members following receipt of their applications for insurance, Standard represented that Plaintiff and the Class and Subclass Members had obtained the applied-for coverage.

57. At the time that it accepted premiums for additional or supplemental term life insurance coverage for Plaintiff and the Class and Subclass Members, Standard misrepresented a material fact, as it was Standard's position that Plaintiff and the Class and Subclass had not obtained the applied-for coverage.

58. Standard knew of this material fact regarding its position as to the applied-for coverage.

59. Standard did not keep accurate records regarding the submission of Evidence of Insurability and/or approval of coverage for additional or supplemental term life insurance benefits for Plaintiff and the Class and Subclass Members.

60. Standard knew of this material fact regarding the lack of accurate records regarding the submission of Evidence of Insurability and/or approval of coverage for additional or supplemental term life insurance benefits for insureds.

61. Standard did not disclose these material facts, with the intent to induce Plaintiff and the Class and Subclass Members to pay the insurer premiums under the illusion of coverage.

9

62. Plaintiff and the Class and Subclass Members believed they had purchased additional or supplemental term life insurance coverage and justifiably relied on Standard's omission and silence as to the material facts in conjunction with Standard's billing for and acceptance of premium payments.

63. As a direct and proximate result of Standard's fraudulent inducement, Plaintiff and the Class and Subclass Members have suffered injuries, damages, and losses in amounts to be proved at trial.

## FIFTH CLAIM FOR RELIEF
### (Fraudulent Concealment – Plaintiff and Class and Subclass Members)

64. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

65. While taking premiums from Plaintiff and the Class and Subclass Members for additional or supplemental term life insurance coverage, Standard concealed the material fact that it did not maintain accurate records indicating that Evidence of Insurability had been submitted and/or approved.

66. Such information should, in equity and good conscience, have been disclosed.

67. Standard knew of this material fact regarding the lack of accurate records regarding the submission of Evidence of Insurability and/or approval of coverage for additional or supplemental term life insurance benefits. Nevertheless, while it continued to accept premiums, Standard did not advise Plaintiff and the Class and Subclass Members of this deficit in its records or instruct them further regarding the submission of Evidence of Insurability and/or the lack of approval of coverage for additional or supplemental term life insurance benefits.

68. Standard knew that it had not advised Plaintiff and the Class and Subclass Members of this deficit in its records or instructed them further regarding the submission of Evidence of Insurability and/or the lack of approval of coverage for additional or supplemental term life insurance benefits.

69. Plaintiff and the Class and Subclass Members had no knowledge of this material fact and continued to pay premiums to Standard.

70. Standard did not disclose this material fact with the intent that Plaintiff and the Class and Subclass Members would rely on Standard's omission and silence, in conjunction with its acceptance of premium payments, and continue to pay the insurer premiums under the illusion of coverage.

71. As a direct and proximate result of Standard's fraudulent concealment, Plaintiff and the Class and Subclass Members have suffered injuries, damages, and losses in amounts to be proved at trial.

## SIXTH CLAIM FOR RELIEF
### (Violation of the Colorado Consumer Protection Act – Plaintiff and Class and Subclass Members)

72. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

73. Plaintiff and the Class and Subclass Members are "persons" within the meaning of the Colorado Consumer Protection Act ("CCPA").

74. Standard is a "person" within the meaning of the CCPA for all purposes therein.

75. Plaintiff and the Class and Subclass Members are entitled to bring claims pursuant to the CCPA.

76. Standard engaged in an unfair and deceptive trade practice in that it failed to disclose material information regarding the lack of accurate records regarding the submission of Evidence of Insurability and/or approval of coverage for additional or supplemental term life insurance benefits with the intention of inducing Plaintiff and the Class and Subclass Members to pay the insurer premiums under the illusion of coverage, in violation of C.R.S. § 6-1-105(u).

77. Further, Standard engaged in an unfair and deceptive trade practice in that it knowingly continued to take insurance premiums from Plaintiff and the Class and Subclass Members without accurately informing them regarding their rights to coverage for additional or supplemental term life insurance benefits, in violation of C.R.S. § 6-1-105(b).

78. Standard acted in bad faith by continuing to take premiums with no intention of affording coverage for additional or supplemental term life insurance benefits to Plaintiff and the Class and Subclass Members.

79. These deceptive trade practices occurred in the course of Standard's business.

80. These deceptive trade practices significantly impact the public as actual or potential consumers of Standard's insurance products.

81. Plaintiff and the Class and Subclass Members are actual consumers of Standard's insurance products and/or were injured in the course of Standard's business as a result of these deceptive trade practices.

82. Plaintiff and the Class and Subclass Members have suffered injuries in fact to a legally protected interest.

83. As a direct and proximate cause of Standard's deceptive trade practices, which Standard committed in bad faith, Plaintiff and the Class and Subclass Members have suffered actual injuries, damages, and other losses in amounts to be proved at trial.

84. Plaintiff and the Class and Subclass Members are entitled to all damages permitted by C.R.S. § 6-1-113, including actual damages sustained, attorney's fees, and costs of this action.

### SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment – Plaintiff and Class and Subclass)

85. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

86. This is a claim for declaratory relief pursuant to C.R.C.P. 57 and C.R.S. § 13-51-101, *et seq.*, the Uniform Declaratory Judgments Act.

87. Plaintiff, individually and as a representative of the Class and Subclass Members, seeks a declaration of the rights and obligations of the parties to this action.

88. Entry of a judgment by the Court declaring coverage for additional or supplemental term life insurance benefits under Standard's policies would end the uncertainty, insecurity, and controversy with respect to the rights and obligations of the parties and promote the timely resolution of the remaining claims and the interests of justice.

89. For these and other reasons, Plaintiff asks the Court to declare that Plaintiff and the Class and Subclass Members are entitled to coverage for additional or supplemental term life insurance benefits under Standard's group life insurance policies, and that Plaintiff and the Class and Subclass Members are entitled to further relief as may be appropriate under the law.

### EIGHTH CLAIM FOR RELIEF
### (Injunctive Relief – Plaintiff and Class and Subclass Members)

90. Plaintiff incorporates by reference each and every paragraph of her Complaint as if fully set forth herein.

91. Plaintiff and the Class and Subclass Members are entitled to injunctive relief as may be proper to require Standard to remedy any acts or practices which the Court may find to violate the rights of Plaintiff and the Class and Subclass Members, including enjoining Standard from denying to Plaintiff and the Class and Subclass Members coverage for additional or supplemental term life insurance benefits for which premiums were paid.

92. As such, Plaintiff and the Class and Subclass Members ask that the Court permanently enjoin Standard from discontinuing or denying coverage for additional or supplemental term life insurance benefits for which Plaintiff and the Class and Subclass Members paid premiums.

**WHEREFORE**, Plaintiff, Lauren Tinker, individually and on behalf of all other similarly situated persons, requests relief and judgment against Defendant, Standard Insurance Company, as follows:

(a) For certification as a Class Action pursuant to Rule 23 of the Colorado Rules of Civil Procedure;

(b) That the Court enter an order certifying Plaintiff as representative of the Class and Subclass and appointing Levin Sitcoff PC as class counsel;

(c) For compensatory damages to Plaintiff, the Class, and Subclass in amounts to be proved at trial;

(d) For appropriate declaratory and injunctive relief as set forth above;

(e) For an award of reasonable attorney's fees and costs of suit herein;

(f) For an award of all pre- and post-judgment interest, as permitted by law; and

(g) For such other and further relief as this Court deems just and proper.

**PLAINTIFF, ON BEHALF OF HERSELF AND THE PROPOSED CLASS, DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

DATED this 16th day of March 2021.

                                                LEVIN SITCOFF PC

                                                *s/ Bradley A. Levin*
                                                Bradley A. Levin
                                                Jeremy A. Sitcoff
                                                Susan S. Minamizono

<u>Plaintiff's Address:</u>
549 Arden Circle
Highlands Ranch, CO 80126